IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States *ex rel*.,
John Zeller                                :       Case No. C-1-99-621
                                           :
            Plaintiff,                     :       District Judge Susan J. Dlott
                                           :
    v.                                     :       ORDER GRANTING IN PART
                                           :       DEFENDANT'S MOTION TO
Cleveland Construction, Inc., *et al.*             DISMISS AND ORDERING
                                           :       PLAINTIFF TO SUBMIT A
            Defendants                     :       MORE DEFINITE STATEMENT
                                           :       OF HIS COMPLAINT


This matter comes before the Court on Defendant Centex Construction LLC's Motion to

Dismiss Plaintiff's Amended Complaint (doc. #16).  Centex Construction LLC ("Centex")

moves to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 9(b) and

12(b)(6), or in the alternative, moves this Court to order Plaintiff to provide a more definite

statement of his claims under Federal Rule of Civil Procedure 12(e).  For the reasons set forth

below, the Court **GRANTS IN PART** Centex's Motion to Dismiss (doc. #16) and **ORDERS**

Zeller to submit a more definite statement of his complaint under Rule 12(e).

I.      **BACKGROUND**

        Plaintiff in this case is John E. Zeller ("Zeller"), who brings this quit tam action pursuant

to 31 U.S.C. § 3730(b) on behalf of the United States Government.[1]  Defendants in this case are

---

[1]On March 28, 2005, the United States filed the Government's Notice of Election to
Decline Intervention in Zeller's case (doc. #6).  In that Notice, pursuant to Section 3730(c)(3),

Cleveland Construction, Inc. ("Cleveland") and Centex.  On August 12, 1999, Zeller filed a sealed Complaint alleging a False Claims Act violation by his former employer, Cleveland (doc. #1).  On July 9, 2002, Zeller moved to amend the Complaint to add Centex, for whom Cleveland served as a subcontractor, as a defendant (doc. #4).

On September 30, 2005, this Court granted Zeller leave to file his amended complaint (see doc. #10) and ordered that the case be unsealed (doc. #12).  That same day, Zeller's First Amended Qui Tam Complaint Filed Under Seal ("Complaint") (doc. #11) was docketed.  The Amended Complaint was served on both Cleveland and Centex on October 10, 2005.  Cleveland answered the complaint on October 21, 2005, but Centex, in lieu of answering, filed the instant Motion to Dismiss on November 21, 2005.

## II.    JURISDICTION AND LEGAL STANDARD

This Court has original jurisdiction over this case under 31 U.S.C. §§ 3730, *et seq*. Centex moves to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 9(b).  Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Rule 9(b) provides:  "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."  Fed. R. Civ. P. 9(b).  "Lack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)."  See, e.g., Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999); State of Mich. *ex rel*. Kelley v. McDonald Dairy Co., 905 F.Supp.

---

the Government requested that it be served with copies of all pleadings and orders filed in the action, and noted its right to order deposition transcripts and right to intervene at a later date upon a showing of good cause.

447, 450 (W.D. Mich. 1995). Thus, in order to survive Centex's motion to dismiss, Zeller's

allegations of fraud must satisfy the requirements of Rule 9(b).

## IV.    ANALYSIS

Zeller brought his suit under 31 U.S.C. § 3730, alleging that Defendants submitted

fraudulent claims to the United States Government in violation of the False Claims Act ("FCA"),

31 U.S.C. § 3729(a).[2]  The FCA provides in part that any person who:

> (1)  knowingly presents, or causes to be presented, to an
> officer or employee of the United States Government or a
> member of the Armed Forces of the United States a false or
> fraudulent claim for payment or approval;
>
> (2)  knowingly makes, uses, or causes to be made or used, a
> false record or statement to get a false or fraudulent claim
> paid or approved by the Government;
>
> (3) conspires to defraud the Government by getting a false
> or fraudulent claim allowed or paid;
>
> . . . is liable to the United States Government for a civil
> penalty.

See 18 U.S.C. § 3729(a).

Zeller alleges that Centex was the general contractor for a project commissioned by the

United States Navy ("Navy") for the construction of an acute care hospital on federal property in

Portsmouth, Virginia, and that Cleveland was one of Centex's subcontractors.  (Doc. #11 at 2,

¶¶3,5,7.) He alleges that Cleveland submitted an inflated claim to Centex, which Centex in turn

---

[2]Zeller seeks an award under 31 U.S.C. § 3730(d).  Because the Government is not
proceeding with the case, Zeller's award is specifically provided for by Section 3730(d)(2),
which provides that a person bringing the action or settling the claim "shall receive an amount
which the court decides is reasonable for collecting the civil penalty and damages . . . not less
than 25 percent and not more than 30 percent of the proceeds," plus "necessarily incurred" and
"reasonable expenses."

submitted to the Navy as part of a claim for the extension of the completion date.  (Id. at 4, ¶¶ 12-17.)  Zeller alleges that Centex "also made a false claim, in that they orchestrated their subcontractors [sic] replies and responses in such a way as to fault the Navy (for problems actually stemming from a loss of critical staff) such that the American taxpayers were bilked of millions of dollars."  (Id. at 4, ¶17.)  Zeller claims further that he "witnessed the orchestration of the inflated claims on behalf of Centex."  (Id. at 5, ¶1.)  Finally, Zeller alleges that Centex mismanaged the project, and so, "rather than admitting their mistakes and taking a fair penalty and fiscal responsibility for their breaches of the contract, Centex convinved [sic] the previously warring subcontractors to submit inflated claims to Cetrex [sic], which subsequently submitted a hugely inflated claim to the United States Navy, resulting in a final overpayment of millions of dollars on the project."  (Id. at 5, ¶2.)

Again, Rule 9(b) provides that:  "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Centex is correct that "[t]he heightened pleading standard set forth in Rule 9(b) applies to complaints brought under the FCA."  See Yuhasz v. Brush Wellman, Inc. 341 F.3d 559, 563 (6th Cir. 2003).  As Centex notes, the bulk of Zeller's allegations against Centex appear in two short paragraphs of Zeller's complaint.  Centex argues that Zeller's "vague allegations are wholly insufficient to satisfy the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure."  (Doc. #15 at 2.)  Centex argues further that Zeller's complaint fails under Rule 9(b) because he has failed to allege "'the who, what, when, where, how and why' of Centex's allegedly fraudulent conduct."  (Doc. #16 at 4-5.)

"The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to 'allege the time, place,

and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" See Yuhasz, 341 F.3d at 563 (citing Coffey v. Foamex L.P., 2 F.3d 157, 161-62 (6th Cir. 1993)).  Further, if Zeller has failed "to identify specific parties, contracts, or fraudulent acts," this Court would have to dismiss his FCA claim for failure to comply with Rule 9(b).  See id. at 564.

Zeller has identified the specific parties to the allegedly fraudulent claim:  Centex and the Navy.  Centex argues that Zeller's complaint is nevertheless insufficient because it fails to identify specifically who at Centex knew of the fraudulent claim.  Some of this Court's sister courts have held that, under Rule 9(b), a plaintiff need only identify the parties to a fraud, not the individuals responsible for it.  See, e.g., U.S. v. ex rel Roby v. Boeing, 184 F.R.D. 107, 110-11 (S.D. Ohio 1998); U.S. ex rel Pogue v. American Healthcorp, Inc., 977 F. Supp. 1329, 1333 (M.D. Tenn 1997).  In both of those cases, however, the plaintiffs alleged that the respective defendants perpetrated fraudulent schemes involving many false claims and spanning many years.  Here, Zeller appears to be alleging that Centex submitted only one fraudulent claim to the Navy – albeit allegedly composed of several fraudulent subparts – the claim for the extension of the completion date.  The Sixth Circuit's unpublished decision in U.S. ex rel Branhan v. Mercy Health System of Southwest Ohio, No. 98-3127, 1999 WL 618018 (6th Cir. Aug. 5, 1999), provides some guidance.  In Branhan, the Sixth Circuit upheld the dismissal of a case under Rule 9(b) for the plaintiff's failure to identify which of the defendant's employees knew of the alleged fraud.  See Branhan, 1999 WL 618018, at *2.  This Court finds that the Court's reasoning in Branham is more consistent with the Sixth Circuit's requirement that a plaintiff must allege the "who" involved in an alleged fraud.  See Coffey, 2 F.3d at 161-62 (in affirming Rule 9(b)

dismissal, noting that plaintiff had not identified the "agents" of employer-defendants who perpetrated alleged fraud). The Court thus holds that Zeller has not alleged with sufficient particularity the individuals at Centex who knew of the allegedly fraudulent claim.

Zeller has identified the contract pursuant to which Centex allegedly submitted a false claim: Centex's claim for the extension of the completion date of the acute care hospital in Portsmouth, Virginia. (Doc. #11 at 4, ¶12.) Centex argues that Zeller's complaint is nevertheless insufficient under Rule 9(b) because it fails to identify the specific time when the fraudulent claim was made. Zeller's identification of the specific claim he alleges was fraudulent – the claim for the extension of the completion date – *might* be sufficient for Centex to locate the claim at issue and the date when that claim was made. See Roby, 184 F.R.D. at 110 (plaintiff's allegations sufficient under Rule 9(b) where plaintiff identified allegedly fraudulent contracts (*all* CH47(D) helicopter contracts)). For a project that allegedly lasted four to five years, however, it cannot be assumed that Centex submitted only one claim for an extension of the completion date. The Court therefore holds that Zeller has not sufficiently pled when the alleged fraud took place. See Yuhasz, 341 F.3d at 563 (affirming dismissal of claim under Rule 9(b) in part for plaintiff's failure to allege when alleged fraud took place and to identify contracts at issue); see also, e.g., Ackerman v. Northwestern Mut. Life Ins. Co., 172 F.3d 467, 470 (7th Cir. 1999) (collecting cases on "the importance to compliance with Rule 9(b) of the 'when'").

Zeller has, however, sufficiently identified the fraudulent scheme: that Centex convinced its subcontractors, including Cleveland, to submit inflated bids, and "orchestrated" its subcontractors' claims, so it could pass off costs of delay to the Navy that it should have borne itself. The Court finds that such allegations are also sufficient to support an inference of

Centex's knowledge and fraudulent intent in submitting the claim for the extension of the

completion date. See Pogue, 977 F. Supp. at 1333 (denying motion to dismiss under Rule 9(b)

where plaintiff's allegations were sufficient to support inference of defendant's knowing

participation in fraud). Finally, Zeller has also identified the injury to the Navy and to taxpayers

resulting from the fraud: "a final overpayment of millions of dollars on the project" for the

construction of the acute care facility.

       Zeller's complaint is nevertheless deficient in one other respect. Zeller has specifically

identified only one portion of the fraudulent act he alleges – Centex's submission of a claim to

the Navy based on Cleveland's falsely inflated subcontracting costs – but Zeller alleges that

other subparts of Centex's claim for the extension of the completion date were also fraudulent.

Zeller has failed to identify any of the other "previously warring subcontractors" whose subparts

of Centex's claim were false, the nature of those alleged falsities, or who at Centex knew of the

falsities. If Zeller were limiting his allegations of fraud to Cleveland's portion of Centex's claim

for the extension of the completion date, Zeller would not need to provide any more specific

information about the content of the allegedly fraudulent claim. However, because Zeller

appears to be alleging that other subparts of Centex's claim were fraudulent, he must provide

such information to put Centex on fair notice of the claims against it. Zeller has not done so, and

thus has failed to sufficiently identify the content of the allegedly fraudulent claim. See, e.g.,

Walburn v. Lockheed Martin Corp., –F.3d–, No. 04-3458, 2005 WL 3466528, at *4 (6th Cir. Dec.

20, 2005) (complaint does not comply with Rule 9(b) in part because it fails to specify nature of

alleged falsifications); see also Yuhasz, 341 F.3d at 563.

       As described above, Zeller has failed in certain respects to satisfy the requirements of

Rule 9(b).  The Court will not dismiss Zeller's complaint at this time, however, because the

Sixth Circuit has stated that when considering complaints that are insufficient to meet Rule

9(b)'s particularity requirements, courts should be liberal in granting the plaintiff leave to amend

his or her complaint.  See Coffey v. Foamex L.P., 2 F.3d 157, 162 (6th Cir. 1993).  The Court

thus agrees with Centex's alternative argument that Zeller's complaint must be more definitely

stated under Rule 12(e).  Under Rule 12(e), "[i]f a pleading to which a responsive pleading is

permitted is so vague or ambiguous that a party cannot reasonably be required to frame a

responsive pleading, the party may move for a more definite statement before interposing a

responsive pleading."  Pursuant to its authority under Rule 12(e), the Court thus **ORDERS**

Zeller to provide a more definite statement of his claims within thirty days of the date this Order.


V.      CONCLUSION

        For the foregoing reasons, the Court **GRANTS IN PART** Centex's Motion to Dismiss

(doc. #16) to the extent it requests that the Court order Zeller to provide a more definite

statement pursuant to Rule 12(e).  The Court hereby **ORDERS** Zeller to provide a more definite

statement of his complaint as described above within thirty days of this Order.


        IT IS SO ORDERED.

                                        ___s/Susan J. Dlott_____
                                        Susan J. Dlott
                                        United States District Judge

8