IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States *ex rel.*, | : | Case No. 1:99-CV-621 |
| John Zeller | : | |
| | : | District Judge Susan J. Dlott |
| Plaintiff, | : | |
| | : | ORDER GRANTING PLAINTIFF'S |
| v. | : | MOTION FOR LEAVE TO FILE A |
| Cleveland Construction, Inc., *et al.* | : | THIRD AMENDED COMPLAINT |
| | : | AND DENYING AS MOOT |
| Defendants | : | DEFENDANT'S MOTION TO |
| | : | DISMISS |

This matter comes before the Court on (1) Defendant Centex Construction Company's ("Centex") Motion to Dismiss Plaintiff's Second Amended Complaint (doc. #27) with prejudice pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and (2) Plaintiff John E. Zeller's ("Zeller") Motion for Leave to File a Third Amended Complaint (doc. #36) pursuant to Rule 15(a). For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion for Leave to File a Third Amended Complaint (doc. #36) and therefore **DENIES AS MOOT** Defendant's Motion to Dismiss (doc. #27).

I.  PROCEDURAL BACKGROUND

Zeller brings this *qui tam* action against Defendants Cleveland Construction, Inc. and Centex – and in the name of the United States Government – pursuant to 31 U.S.C. § 3730(b). On February 15, 2006, after reviewing the Plaintiff's [First] Amended Complaint (doc. # 16) and noting a lack of particularity necessary to satisfy the requirements of Rule 9(b), this Court issued an Order Granting in Part Defendant's Motion to Dismiss and Ordering Plaintiff to Submit a More Definite Statement of His Complaint ("Order") (doc. #24). The Court noted these specific

1

failures in Zeller's complaint:

> Zeller has not alleged with sufficient particularity the individuals at Centex who knew of the allegedly fraudulent claim . . . has not sufficiently pled when the alleged fraud supposedly took place . . . [and] has failed to identify any of the other "previously warring subcontractors" whose subparts of Centex's claim were false, the nature of those falsities, or who at Centex knew of the falsities.

(Doc. #24 at 6-7.)

On March 8, 2006, Zeller filed his Second Amended Qui Tam Complaint (doc. #25) in which he restates the allegations against Centex made in the First Amended Complaint and adds a list of the subcontractors allegedly participating in the fraud. On April 22, 2006, Centex moved to dismiss the Second Amended Complaint asserting that Zeller's list of subcontracts was grossly inaccurate and that he again failed to state the fraud claims with particularity. (Doc. #27.) After filing a Notice of Substitution of Counsel (doc. #32) on April 17, 2006, Zeller responded to the dismissal motion with a combined Memorandum in Opposition and Motion for Leave to File a Third Amended Complaint (docs. #35, 36).[1] Briefing on both motions is now complete.

## II.   JURISDICTION AND LEGAL STANDARDS

This Court has original jurisdiction over this case under 31 U.S.C. §§ 3730 *et seq* and 28 U.S.C. § 1331. Centex moves to dismiss the claims against it with prejudice under Federal Rules of Civil Procedure 12(b)(6) and 9(b). Rule 12(b)(6) authorizes dismissal of a complaint for

---

[1] The Court notes that Zeller failed to comply with the Local Rules when he filed the motion for leave to amend as part of his memorandum in opposition to dismissal. The Local Rules require that all motions be accompanied by a separate memorandum in support. See S.D. Ohio Civ. R. 7.2. The Court will excuse Zeller's failure to comply with the Local Rules in this instance because of the unique barriers between Zeller and his former counsel when this motion was filed.

2

"failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). "[L]ack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." See e.g., Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999); see also State of Mich. *ex rel*. Kelley v. McDonald Dairy Co., 905 F. Supp. 447, 450 (W.D. Mich. 1995). Thus, in order to survive Centex's motion to dismiss, Zeller's allegations of fraud must satisfy the requirements of Rule 9(b).

Rule 15(a) allows a party to amend a complaint by seeking leave from the court and provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "The determination of whether the circumstances of a case are such that justice would require the allowance of an amendment is committed to the sound discretion of the district court." Chase v. Matsu Mfg., Inc., 147 Fed. Appx. 507, 515 (6th Cir. 2005); see also Hayden v. Ford Motor Co., 497 F.2d 1292, 1294 (6th Cir. 1974). The Supreme Court has held that in exercising that discretion, district courts may deny leave for those amendments that represent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

### III.   ANALYSIS

In his Second Amended Complaint, Zeller alleges generally that Centex "made a false claim, in that they [sic] orchestrated their [sic] subcontractors [sic] replies and responses in such

3

a way as to fault the Navy (for problems actually stemming from a loss of critical staff, the bankruptcy of an original subcontractor, [sic]) resulting in the false Omnibus Claim submitted in July, 1999, for which the United States Navy paid out over 17 million dollars, money which would not have been paid had the Navy been aware of the actual fraud underlying the claim." (Doc. #25 ¶ 17.) Then, in an attempt to address the Court's Order that he satisfy Rules 9(b) and 12(b)(6), Zeller alleges:

> Centex convinced the previously warring subcontractors to submit inflated claims to Centex to be compiled into an omnibus claim, which subsequently was submitted to the United States Navy in July 1999, and was resolved by a final overpayment of millions of dollars to Centex and its subcontractors. Upon information and belief, the "warring subcontractors" that settled claims between themselves and CENTEX and passed the claims onto the Navy in the Amended Omnibus Claim of July 1999 that should have been borne by CENTEX and/or the subcontractors with their points of contact are as follows: McCarthy/Bell BCI, (Pete McGuire); Blake Construction Co. (Bill Stepanick); CENTEX Bateson (Victor P_____.); Huber, Hunt & Nicholas (Gary Summers); George Hyman Construction (Bob Chapman); W.M. Jordan/Kiewit (Unknown); M.A. Morteson (Jim Blank)[;] Turner/Sverdrup (Roger Lofland); Tompkins Builders (Jones CT).

(Id. ¶ 29.)

Centex moves to dismiss the Second Amended Complaint on the grounds that the Second Amended Complaint still fails to meet the particularity requirements of Rule 9(b). Specifically, Centex argues that Zeller fails to identify "the nature of [the] alleged falsities" because he has not stated with specificity which sections of the Omnibus Claim were false. Centex also argues that Zeller has failed to properly identify the subcontractors participating in the alleged fraud because none of the subcontractors identified were involved in the relevant project.

Zeller does not dispute that his Second Amended Complaint is deficient, but instead moves for leave to file a third amended complaint pursuant to Rule 15(a). Again, Rule 15(a) provides that "a party may amend the party's pleading only by leave of the court . . . and leave

shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Zeller attributes the deficiencies in his Second Amended Complaint to the fact that he was unable to communicate properly with his former counsel, Robert F. Croskery, because Mr. Croskery was working "almost 1,000 miles away" with the United States Military on a full-time, active duty basis. (Doc. #36 at 1.) Due to these "barriers," Zeller argues that he was "unable to convey to counsel the information and details needed for the [Second] Amended Complaint." (Id.) Centex does not dispute the facts of Croskery's military duty. Zeller has since retained new counsel and now requests leave to file a third amended complaint within twenty-one days.

Centex argues that because Zeller failed to address the specific concerns of the Court's Order (doc. #24) permitting the Second Amended Complaint, his pending motion for leave to amend a third time should be denied and his claims against Centex dismissed with prejudice. Centex asserts that the Court should deny leave to amend, "where the plaintiff [previously] was put on notice as to the deficiencies in his complaint, but chose not to resolve them." Krantz v Prudential Investment Fund Mgt., LLC, 305 F.3d 140, 144 (3d Cir. 2002). Centex also cites Rule 41(b) of the Federal Rules of Civil Procedure for the proposition that the Court may dismiss a complaint for the failure of a plaintiff to comply with any order of the court. See Fed. R. Civ. P. 41(b); see also Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999) (discussing Rule 41(b) dismissals).

Despite Centex's objections, the Court finds it is in the interests of justice in the unique factual circumstances presented here to allow Zeller to amend his claims against Centex one final time. This case is distinguishable from Knoll wherein the plaintiff's counsel "neglected plaintiff's case, repeatedly ignored court orders without excuse, and ultimately attempted to

force the court to grant a continuance by refusing to proceed on the day of trial." 176 F.3d at 364. In addition, the Court does not view Zeller's motion as having been filed in bad faith. The Court gives Zeller the benefit of the doubt that his difficulties in communicating with his previous counsel–difficulties Centex does not dispute–were as he described in both fact and in degree. Additionally, Centex has not stated any basis for finding that it would be unduly prejudiced by the additional delay. Delay alone is generally not enough of a reason to deny leave to amend. See Tefft v Seward, 689 F.2d 637, 639 n.2 (6th Cir. 1982).

In deciding to grant leave to amend, the Court is most troubled by the fact Zeller has failed to submit a proposed third amended complaint for the Court to review. The Sixth Circuit has stated that a copy of the proposed amended complaint is necessary for the district court to determine if "justice so requires" the amendment. See Roskam Baking Co., Inc. v. Lanham Mach. Co., 288 F.3d 895, 906 (6th Cir. 2002). The principle underlying the requirement of submitting a proposed amended complaint is that the Court should know the substance of the proposed amendment before it makes its determination. But in a sense, the Court already decided, when it ordered the Second Amended Complaint, that it knew enough about the substance of what Zeller was likely to allege to determine that "justice so require[d]" a more precise statement in the form of an additional amended complaint. Accordingly, the Court finds that permitting a third amendment does not violate the principles of Foman. See 371 U.S. at 182 (stating that courts may deny a motion to amend based on a finding of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc").

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiff Zeller's Motion for Leave to File Third Amended Complaint (doc. #36) is **GRANTED** and Defendant Centex Construction Company's Motion to Dismiss Zeller's Second Amended Complaint (doc. #27) is **DENIED AS MOOT**.  Plaintiff Zeller shall file his Third Amended Complaint within 21 days of the date of this Order.

IT IS SO ORDERED.

       ___s/Susan J. Dlott_____
       Susan J. Dlott
       United States District Judge