IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States *ex rel.*, | : | |
| John Zeller, | : | Case No. 1:99-CV-621 |
| | : | |
| Plaintiff, | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER GRANTING MOTION TO |
| | : | DISMISS |
| Cleveland Construction, Inc., *et al.*, | | |
| : | | |
| | : | |
| Defendants. | : | |

This matter comes before the Court on Defendant Centex Construction's Motion to Dismiss Plaintiff's Third Amended Complaint (doc. 43).  Relator John Zeller alleges that Defendant Centex Construction ("Centex"), aided by its subcontractors, submitted a fraudulent Omnibus Claim to the United States.  Centex seeks dismissal of this *qui tam* action in part for failure to satisfy the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure.  For the reasons that follow, the Court **GRANTS** Centex's motion.

I.      PROCEDURAL BACKGROUND

Zeller brings this *qui tam* action against Defendants Cleveland Construction, Inc. ("CCI") and Centex – and in the name of the United States Government – pursuant to 31 U.S.C. § 3730(b).  On February 15, 2006, after reviewing the Plaintiff's [First] Amended Complaint (doc. 11) and noting a lack of particularity necessary to satisfy the requirements of Rule 9(b), this Court issued an Order Granting in Part Defendant's Motion to Dismiss and Ordering Plaintiff to Submit a More Definite Statement of His Complaint (doc. 24).  The Court noted

certain specific failures in Zeller's Amended Complaint that are relevant to the current motion:

> Zeller has specifically identified only one portion of the fraudulent act he alleges – Centex's submission of a claim to the Navy based on Cleveland's falsely inflated subcontracting costs – but Zeller alleges that other subparts of Centex's claim . . . were also fraudulent. Zeller has failed to identify any of the other "previously warring subcontractors" whose subparts of Centex's claim were false, the nature of those alleged falsities, or who at Centex knew of the falsities. . . . [B]ecause Zeller appears to be alleging that other subparts of Centex's claim were fraudulent, he must provide such information to put Centex on fair notice of the claims against it. Zeller has not done so, and thus has failed to sufficiently identify the content of the allegedly fraudulent claim.

(Doc. 24 at 7.)

On March 8, 2006, Zeller filed his Second Amended *Qui Tam* Complaint (doc. 25) in which he restated the allegations against Centex made in the First Amended Complaint and added a list of the subcontractors allegedly participating in the fraud. On April 22, 2006, Centex moved to dismiss the Second Amended Complaint asserting that Zeller's list of subcontracts was grossly inaccurate and that he again failed to state the fraud claims with particularity. (Doc. 27.) The Court allowed Zeller a third and final opportunity to amend his Complaint in light of the extraordinary circumstances that had hindered Zeller's communications with his former counsel and the fact that he had obtained new counsel. (Doc. 40.)

On October 26, 2006, Zeller filed Relator's Third Amended Complaint (doc. 41.) Centex now has moved to dismiss Relator's Third Amended Complaint in part.[1] Briefing is complete and the motion is ripe.

## II. JURISDICTION AND LEGAL STANDARDS

Zeller alleges that Defendants submitted fraudulent claims to the United States

---

[1] Defendant Cleveland Construction, Inc. has not moved to dismiss, but rather filed an Answer to the Third Amended Complaint (doc. 42).

Government in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3729(a).[2] This Court has original jurisdiction over this case under 31 U.S.C. § 3730. Centex moves to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 9(b). Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). "[L]ack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999); see also State of Mich. *ex rel*. Kelley v. McDonald Dairy Co., 905 F.Supp. 447, 450 (W.D. Mich. 1995). When acting upon a motion to dismiss filed under Rule 9(b), "a district court must accept as true the plaintiff's well-pleaded facts and draw all inferences in favor of the complaint." Sanderson v. HCA-The Healthcare Co., 447 F.3d 873, 876 (6th Cir. 2006). Thus, in order to survive Centex's motion to dismiss, Zeller's allegations of fraud must satisfy the requirements of Rule 9(b).

### III. ANALYSIS

The FCA provides in part that any person who:

> (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a

---

[2]Zeller seeks an award under 31 U.S.C. § 3730(d). Because the Government is not proceeding with the case, Zeller's award is specifically provided for by Section 3730(d)(2), which provides that a person bringing the action or settling the claim "shall receive an amount which the court decides is reasonable for collecting the civil penalty and damages . . . not less than 25 percent and not more than 30 percent of the proceeds," plus "necessarily incurred" and "reasonable" expenses.

>member of the Armed Forces of the United States a false or
>fraudulent claim for payment or approval;
>
>(2)  knowingly makes, uses, or causes to be made or used, a
>false record or statement to get a false or fraudulent claim
>paid or approved by the Government;
>
>(3) conspires to defraud the Government by getting a false
>or fraudulent claim allowed or paid;
>
>. . . is liable to the United States Government for a civil
>penalty . . . .

See 18 U.S.C. § 3729(a).

In Relator's Third Amended Complaint, Zeller alleges that Centex submitted an Omnibus Claim to the Navy for costs on or about July 1999 which constituted a false claim in violation of the FCA because Centex "took the [sub]claims originally made by its subcontractors against Centex, inflated those claims, and turned the blame for those losses and overruns on the Navy." (Doc. 41 ¶ 31.)  The Omnibus Claim was submitted in an amount greater than $45 million and Centex ultimately settled the Omnibus Claim for more than $17 million.  Zeller identifies the subcontractors whose subclaims were inflated as Defendant CCI, and non-defendants, Fischbach and Moore ("F&M") and Natkin.  In the pending motion, Centex moves to dismiss for lack of particularity the portions of Third Amended Complaint against Centex unrelated to Defendant CCI's specific subclaims within the Omnibus Claim.  Therefore, Centex moves to dismiss the allegations concerning Natkin's and F&M's portions of the Omnibus Claim.

The Sixth Circuit repeatedly has "held that a complaint alleging violations of the False Claims Act must allege the circumstances surrounding the fraud with particularity as required by Rule 9(b)."  Walburn v. Lockheed Martin Corp., 431 F.3d 966, 972 (6th Cir. 2005); see also e.g. Sanderson, 447 F.3d at 876-77.  "In complying with Rule 9(b), a plaintiff, at a minimum, must

4

allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Walburn, 431 F.3d at 972 (internal citation and quotation omitted). Stated differently, the plaintiff must specify the "who, what, when, where, and how of the alleged fraud." Sanderson, 447 F.3d at 877 (internal quotation and citation omitted). The plaintiff must also identify the "nature in which the statements are alleged to be misleading or false." United States ex rel. Snapp, Inc. v. Ford Motor Co., No. 06-11848, slip copy, 2007 WL 420721, *2 (E.D. Mich. Feb. 1, 2007); see also Walburn, 431 F.3d at 972 (dismissing, in part, for failure to identify "the nature of the falsifications"). "The failure to identify specific parties, contracts, or fraudulent acts requires dismissal." Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 564 (6th Cir. 2003).

The Sixth Circuit has cited with approval language from the Eleventh Circuit specifying the types of allegations that are contained in a complaint that meets the Rule 9(b) requirements:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the [government], and (4) what the defendants obtained as a consequence of the fraud.

Sanderson, 447 F.3d at 877 (citing United States ex rel Clausen v. Laboratory Corp. of Am., Inc., 290 F.3d 1301, 1310 (11th Cir. 2002)).

Centex contends, and the Court agrees, that Zeller fails in Relator's Third Amended Complaint to specify with particularity the nature of the fraud allegedly committed by Centex in the Omnibus Claim in regards to the non-CCI subcontractors, specifically Natkin and F&M. Zeller alleges generally that the subcontractors on the ACP Project, to which the Omnibus Claim

pertained, faced impediments on the project including a concrete design issue, the bankruptcy of the concrete subcontractor, and management failures by Centex. Zeller alleges that the subcontractors initially blamed each other and Centex for the delays and cost overruns in the project. Zeller alleges that subsequently Natkin and F&M negotiated liquidating agreements with Centex for the ACP project in exchange for dropping a lawsuit against Centex. Zeller then alleges that the subcontractors held Request for Equitable Adjustment meetings with Centex during which they discussed the pending claim to be submitted to the Navy. The subcontractors were concerned about "get[ting] around" the delay caused by the concrete and Centex stated that it would help the subcontractors "build the claim." (Doc. 41 ¶ 25.) Because Centex had bid and won the contract for the ACP Project on a "total cost" basis, Zeller asserts that Centex was responsible for additional costs resulting from its own faults and could not pass those costs on to the Navy. (Id. ¶ 59.)

In a key paragraph, Zeller alleges as follows:

> In the Omnibus Claim, Centex constructed a claim against the Navy by utilizing claims their subcontractors had made against it that were the result of various factors that were otherwise non-compensable by the Navy, including but not limited to Centex's loss of critical internal staff and the bankruptcy of an original subcontractor. In effect, Centex took the claims originally made by the subcontractors against Centex, inflated those claims, and turned the blame for those losses and overruns on the Navy.

(Id. ¶ 31.) Finally, Zeller alleges that a Centex representative instructed the subcontractors to expand their claims in order to collect more money from the United States Navy.

These allegations do not satisfy the particularity requirements of Rule 9(b). Zeller has described a $45 million Omnibus Claim submitted by Centex that is comprised of, or arose from, subclaims submitted by at least three primary subcontractors–CCI, Natkin, and F&M–and

presumably by minor subcontractors as well. Zeller has failed, however, to identify with specificity the nature of the falsities in any subclaim submitted by Centex in regards to any subcontractor other than CCI. It is not enough for Zeller to allege vaguely that Centex utilized subcontractor claims "made against it that were the result of various factors that were otherwise non-compensable by the Navy." (Id.) The allegations fail to answer the "what" and the "how" questions. Zeller has not identified what subclaims were non-compensable, why they were non-compensable, and how they were inflated or in what amount they were inflated by Centex in the Omnibus Claim. Zeller has not identified what cost specific overruns, incurred by either Natkin or F&M and caused by the concrete delay issue or by Centex's mismanagement, were fraudulently billed to the United States. As such, the Third Amended Complaint does not provide fair notice to Centex of the fraud it allegedly committed in regards to any portion of the $45 million Omnibus Claim, except the CCI portions of the claim, so as to enable Centex to prepare an informed responsive pleading. See Walburn, 431 F.3d at 973 (stating that 9(b) is intended to provide defendant with fair notice so that the defendant can prepare a responsive pleading).

The allegations here are analogous to those in Walburn wherein the allegations "merely set forth that 'documents' and 'records' relating to management and operation of the plant were falsified." Id. at 972. The Sixth Circuit found that such allegations did not specify the nature of the alleged falsifications nor which documents and records contained misrepresentations. Id. Similarly, the Third Amended Complaint here neither identifies the non-CCI portions of the Omnibus Claim which were falsified nor specifies the nature of the falsifications.

In conclusion, the Court finds that Zeller has failed to comply with Rule 9(b) in Relator's

Third Amended Complaint in regards to the non-CCI related allegations of fraud.  The Court further finds that Zeller has had sufficient notice of the deficiencies in his Complaints and adequate opportunity to remedy those deficiencies.

## IV. CONCLUSION

Defendant Centex Construction's Motion to Dismiss Plaintiff's Third Amended Complaint (doc. 43) is **GRANTED**.  Relator's Third Amended Complaint is **DISMISSED WITH PREJUDICE IN PART** insofar as it alleges fraud in the Omnibus Claim submitted by Defendant Centex Construction unrelated to Defendant Cleveland Construction Inc.'s portion of the Omnibus Claim.

IT IS SO ORDERED.

\_\_\_s/Susan J. Dlott_____
Susan J. Dlott
United States District Judge